## In re KEECH'S ESTATE.

(Surrogate's Court, New York County. June 20, 1889.)

LEGACY TAX—EXEMPTIONS—ALMSHOUSE.
    A charitable institution which requires, as a condition of entrance thereto, the payment of an admission fee, and the making of a will by the applicant in its favor, is not an almshouse, within the definition of a "pure charity," so as to exempt a bequest to it from the legacy tax.

Motion to confirm the report of the appraiser of the estate of Charlotte G. S. Keech, deceased.

R. E. Selmes, for comptroller. D. S. Olmstead, for executors. Dixon, Williams & Ashley, for Baptist Home Society.

RANSOM, S. The appraiser has reported as subject to taxation a legacy to the "Baptist Home Society," to which report objection is made on the ground that the society is an almshouse, and as such exempt from taxation. Counsel for the society relies upon the case of *Association* v. *Mayor, etc.*, 104 N. Y. 581, 12 N. E. Rep. 279, as authority directly in point. In that case the court held an almshouse to be "a house appropriated to the poor," and it might be a private corporation. It thus defines the meaning of an almshouse as relating to the case before the court: "It is appropriated wholly for the poor who are colored orphans, and where they are to have a place of refuge, and to be boarded, clothed, and suitably educated, etc., gratuitously." A little further on: "The plaintiff is performing a work of pure charity, and is taking upon its own shoulders a portion of the burden that would otherwise fall upon the public." Article 13 of the constitution of the society prescribed certain rules for admission, chief among which is the payment of an entrance fee of $100. This fee may be remitted, under peculiar circumstances, by the trustees, and no fee is charged where an applicant is nominated by a patron, who becomes such by the payment of $1,000, which payment gives the patron the right to have one person at a time continuously maintained by the society during the life-time of the patron. Affidavits have been submitted showing that the fee has been remitted in some cases by the trustees, but very rarely. Section 6 of article 5 of the by-laws, after providing that the committee on applications shall inquire into the character, etc., of the applicants, and inform them of the requirements of the same, says: "This committee shall visit accepted applicants, and obtain their signature to a contract accepting the terms of admission, and to a will transferring to the home, for the consideration of one dollar, all the property of which they are or may be possessed." The difference between the two cases is striking. In *Association* v. *Mayor, etc., supra*, it was a pure charity, where the orphans were boarded, clothed, and educated gratuitously. No charge was made for admission, and they were at no expense whatever. Well might the court hold that that institution was an almshouse, taking some of the burden off the public. In the case at bar an admission fee is charged the applicant, or has been paid in bulk by a patron, or, in a few isolated cases, the applicant is admitted free. Each applicant, however, who is accepted, must make a will giving to the home all the property he has or may have. The Baptist Home Society, while no doubt a grand charity, is limited in its scope, and cannot fairly claim to be an almshouse, under the definition of a "pure charity," where everything is provided gratuitously. The society, not being an almshouse, does not come within the exemption as laid down in *Catlin* v. *St. Paul's Church*, 20 N. E. Rep. 864, and is therefore subject to the tax. An order should be handed up confirming the report of the appraiser, and assessing and fixing the tax.